**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MOROCHO CHILLOGALLI,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | **NO. 26-cv-8339** |
| **WARDEN ANDY CRUZ, et al.,** | : | |
| **Respondents.** | : | |

**ORDER**

This matter is before the Court on Petitioner William Morocho Chillogalli's Petition for Writ of Habeas Corpus (ECF No. 1) (the "Petition"). Upon consideration of the Petition, and Petitioner's Supplement thereto (ECF No. 7), the Petition will be denied as follows.

1. According to the Petition, on October 30, 2026, Petitioner was arrested by immigration agents on his way to work. Petitioner contends that his presence in the United States was not previously known to immigration enforcement authorities, and that he was detained without a warrant at that time. ECF No. 1, at ¶¶ 1-3, 18-22. Petitioner contends that his arrest and ensuing detention violate substantive and procedural due process under the Due Process Clause of the Fifth Amendment (Counts 2-3), and the laws and regulations governing detention in immigration cases for individuals in Petitioner's circumstances (Counts 1 & 4).

2. Because Petitioner's Petition appeared to present a similar fact pattern and claims to those in other cases on which the Court has previously ruled, and which are regularly filed in this District, on November 2, 2026, this Court entered an Order directing Petitioner to file a supplement to his Petition: (1) clarifying whether Petitioner's position is that no warrant (I-200), notice of custody determination (I-286) and/or notice to appear (I-862) were issued in his case, or

that those documents were issued in parallel with or subsequent to arrest; and (2) stating whether there is any basis upon which Petitioner distinguishes his case from the Court's prior decisions in *Zhuno-Livicura v. Jamison*, No. 26-cv-7255, 2026 WL 2936515 (E.D. Pa. Sept. 30, 2026) and *Sosa Salazar v. Jamison*, No. 26-cv-7608, 2026 WL 3153733 (E.D. Pa. Oct. 20, 2026). *See* ECF No. 6, ¶ 4.

3. Petitioner filed a timely Supplement on November 4, 2026. In that Supplement, Petitioner's counsel explained that, upon request from counsel for Respondents, she obtained copies of a Warrant for Arrest of Alien (I-200), Notice of Custody Determination (I-286), and Notice to Appear (I-862) in this matter, bearing the same date as Petitioner's arrest. The Supplement further explained that, while Petitioner recalls receiving copies of the Notice to Appear and Notice of Custody Determination subsequent to his arrest, he does not recall being served with a copy of the warrant either during his arrest or after his arrival at the Philadelphia ICE Office. *See* ECF No. 7. The Supplement, however, also acknowledged that Petitioner could not identify any basis on which the case at bar is materially distinguishable from the Court's prior decisions in the *Zhuno-Livicura* and *Sosa Salazar* cases. *Id.*

4. The Court agrees that the fact pattern and resulting legal analysis in this matter are materially indistinguishable from the Court's decisions in *Zhuno-Livicura* and *Sosa Salazar*. Specifically, the Court finds that Petitioner has not exhausted his administrative remedies, including an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, and appeal to the Board of Immigration Appeals ("BIA") in the event of an adverse determination. The Court further finds that requiring Petitioner to exhaust his administrative remedies is appropriate because doing so would not violate the Due Process Clause of the Fifth Amendment, as either a matter of procedural or substantive due process, and that, because

Petitioner is presently in the lawful custody of ICE, any discrepancies regarding preparation of the paperwork associated with his arrest do not entitle Petitioner to habeas relief. *See Zhuno-Livicura* 2026 WL 2936515, at *1-4; *Sosa Salazar*, 2026 WL 3153733, at *3-5.

5. Accordingly, the Court finds, pursuant to 28 U.S.C. § 2243, that it appears from the application that Respondent is not entitled to relief, that a hearing and response from Respondent would not aid the decisional process, and it is **HEREBY ORDERED** that:

a. The Court's Order dated November 2, 2026 (ECF No. 6) is **VACATED** to the extent that it directed Respondents to respond to the Petition;

b. The Petition (ECF No. 1) is **DENIED**, subject to the undertaking of Respondents that Petitioner shall receive the individualized bond hearing contemplated by 8 U.S.C. § 1226(a) and its implementing regulations, with appeal to the BIA if requested in the event of an adverse determination;

c. Respondents may transfer the Petitioner to an appropriate facility or facilities within the Commonwealth of Pennsylvania that can facilitate future immigration hearings, and ensure that Petitioner has full access to and may pursue his available administrative remedies; and

d. The Clerk of Court shall **CLOSE** the case.

Dated: November 5, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**